HOPPEL, APPELLANT, *v.*
GREATER IOWA CORPORATION ET AL., APPELLEES.
HOPPEL, EXRX., APPELLANT, *v.*
GREATER IOWA CORPORATION ET AL., APPELLEES.

(Nos. 9540 and 9558—Decided April 30, 1980.)

*Aronson, Fineman & Davis Co., L.P.A., Mr. Bernard Fineman* and *Mr. William J. Davis,* for appellants.

*Messrs. Roderick, Myers & Linton, Mr. George T. Roderick* and *Mr. Robert F. Orth,* for appellee Greater Iowa Corporation.

*Roetzel & Andress Co., L.P.A.,* and *Mr. K. Richard Aughenbaugh,* for appellee Dico Company, Inc.

*Roetzel & Andress Co., L.P.A.,* and *Mr. Norman S. Carr,* for appellee Fallsway Equipment Company, Inc.

*Messrs. Day, Ketterer, Raley, Wright & Rybolt, Mr. Larry R. Brown* and *Mr. James R. Blake,* for appellee Monongahela Power Company.

MAHONEY, J.   These two cases have been consolidated on appeal. Plaintiff-appellant, Leonore Hoppel (executrix of the estate of Everett Hoppel), and plaintiff-appellant, Darryl Hoppel, each sued defendants in both the Court of Common Pleas of Summit County, Ohio, and in the Circuit Court of Hancock County, West Virginia (the actions in West Virginia were commenced first). The suits in both places share the same subject matter, the same issues, and the same parties. Plain-

tiffs' claims stem from an accident in which Everett Hoppel died and Darryl Hoppel was injured after they suffered contact with a 7200 volt power line in Hancock County, West Virginia.

These appeals arose after the Court of Common Pleas of Summit County, in separate proceedings, dismissed plaintiffs' claims upon defendants' motions for dismissal, or in the alternative, for a stay pending resolution of the West Virginia proceedings.

## DISCUSSION.

Both appellants raise the following assignment of error:

"The court erred in dismissing the appellant's case upon the motions of the appellees, Greater Iowa Corporation, Dico Company, Inc. and Monongahela Power Company."

The fact that an action is pending in another state does not constitute a defense to an action between the same parties over the same cause of action in Ohio. *Fox* v. *King Investment & Lumber Co.* (1926), 22 Ohio App. 469, 471; *Berger* v. *Moessinger, Fritsch & Co.* (1891), 5 Ohio C.C. 432; 14 Ohio Jurisprudence 2d, Courts, Section 160. An Ohio court's options, in this situation, are to grant a stay pending the resolution of the earlier action outside Ohio, or to maintain the action in this state. Restatement of Conflict of Laws 2d, Section 86, Comment *b*. In other words, dismissal is not an option at this stage of the proceedings.

Therefore, we sustain the assignment of error of both appellants, reverse the judgments below, and remand these causes for further proceedings according to law.

*Judgments reversed and causes remanded.*

BELL, P. J., and VICTOR, J., concur.