COMMERCIAL UNION INSURANCE COMPANY et al., Appellants,

v.

WHEELING PITTSBURGH CORPORATION et al., Appellees.*

[Cite as *Commercial Union Ins. Co. v. Wheeling Pittsburgh Corp.* (1995), 106 Ohio App.3d 477.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 94–CA–44.

Decided June 30, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1464, 656 N.E.2d 1299.

478

*Thompson, Hine & Flory* and *Christopher M. Bechhold; Pabarue, Mortensen & Young* and *Mark J. Hill,* for appellants.

*Brouse & McDowell* and *Paul Rose; Anderson, Kill, Olick & Oshinski, P.C.,* and *Irene C. Warshauer,* for appellees.

---

FAIN, Judge.

Plaintiffs-appellants Commercial Union Insurance Company and Employees Commercial Union Insurance Company appeal from a judgment dismissing their action because of a pending action in West Virginia. Commercial Union contends that the pending West Virginia action does not involve the same subject matter as the present case, so that the trial court erred when it dismissed the action upon the ground that there was another case pending involving the same subject matter. Commercial Union also contends that dismissal was not warranted under principles of *forum non conveniens.*

We agree that the West Virginia action does not involve the same subject matter as the case before us. Therefore, we conclude that the trial court erred when it dismissed this case. We further conclude that the trial court failed to give appropriate consideration to the doctrine of *forum non conveniens* when it dismissed this case. The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion, including, specifically, consideration of factors relevant to the application of the doctrine of *forum non conveniens.*

I

On July 7, 1994, in the Miami County Court of Common Pleas, plaintiffs-appellants Commercial Union Insurance Company and Employees Commercial Union Insurance Company ("Commercial Union") filed this insurance coverage declaratory judgment action against defendants-appellees, Wheeling Pittsburgh

Company and Wheeling Pittsburgh Steel Corporation ("Wheeling Pittsburgh"), and fifteen insurance companies. Commercial Union sought a judicial determination of the scope of its insurance coverage concerning Wheeling Pittsburgh's environmental liability at two contaminated sites in Ohio: the United Scrap Lead Company site in Troy, Ohio, and the Buckeye Reclamation Landfill site in St. Clairsville, Ohio.

On July 8, 1994, Wheeling Pittsburgh filed a motion to dismiss or to stay the action. In this motion, Wheeling Pittsburgh argued that the action filed in the Miami County Court of Common Pleas should be dismissed or stayed in favor of an action pending in the Circuit Court of Ohio County, West Virginia, which is captioned "Wheeling Pittsburgh Corporation et al. v. American Casualty Company et al., C.A. No. 93C–340" (the "West Virginia action").

The West Virginia action referred to by Wheeling Pittsburgh is a declaratory judgment action that was filed by Wheeling Pittsburgh on May 26, 1993, in Wheeling, West Virginia against Commercial Union and seven other insurance carriers. In that action, Wheeling Pittsburgh seeks a determination of the respective coverage obligations of the named insurers with respect to Wheeling Pittsburgh's liability for "underlying environmental actions" at Wheeling Pittsburgh sites.

In support of the motion to dismiss, Wheeling Pittsburgh asserted that the West Virginia action involved coverage issues related to the two Ohio sites named in the Miami County action and therefore justified the dismissal of the Ohio action. In the alternative, Wheeling Pittsburgh argued that the action should be dismissed on the grounds of *forum non conveniens.*

In opposition to the motion to dismiss, Commercial Union argued that the West Virginia action did not involve coverage issues for Wheeling Pittsburgh's two Ohio sites and that dismissal of the Miami County, Ohio action was not warranted. Additionally, Commercial Union sought leave to amend its Ohio complaint to add claims for coverage issues related to Wheeling Pittsburgh's Follansbee, West Virginia site and its Jamesburg, New Jersey site "in order to achieve a comprehensive declaratory judgment action addressing all contamination sites for which Wheeling Pittsburgh has claimed coverage from Commercial Union" by having all coverage issues resolved in the Ohio action. Concurrent with the filing of the motion to amend the Ohio complaint, Commercial Union moved for dismissal, or in the alternative, stay of the West Virginia action.

In an order filed on August 12, 1994, the trial court sustained Wheeling Pittsburgh's motion to dismiss. The trial court's order, in its entirety, states:

"This cause came on to be heard upon the motion of defendants, Wheeling Pittsburgh Corporation and Wheeling Pittsburgh Steel Corporation, to dismiss

this action on the basis of a pending action in West Virginia, and the court being fully advised in the premises finds said motion to be well taken and same is, therefore, sustained."

From this decision, Commercial Union appeals.

## II

Commercial Union's first assignment of error is as follows:

"The trial court erred as a matter of law in granting appellees' motion to dismiss on the basis of a pending action."

Commercial Union contends that the trial court erred as a matter of law in sustaining Wheeling Pittsburgh's motion to dismiss on the basis of a pending action because the rules of priority of jurisdiction do not apply in Ohio to actions pending outside the state. Moreover, Commercial Union contends that even if the rules of priority of jurisdiction did apply based on actions pending outside the state, they are not applicable in the present case because there is no identity of subject matter between the present action and the West Virginia action.

Wheeling Pittsburgh contends that the rules of priority of jurisdiction are applicable in Ohio based on actions pending outside the state. Wheeling Pittsburgh also contends that the rules of priority of jurisdiction apply as a bar to the present case because Commercial Union's coverage obligations for Wheeling Pittsburgh's liability at the Troy, Ohio and St. Clairsville, Ohio sites are the subject of the West Virginia action. Accordingly, Wheeling Pittsburgh contends that the trial court properly dismissed the present declaratory judgment action on the basis of the West Virginia action.

Whether to entertain a declaratory judgment action is normally confided to the sound discretion of the trial court. *Smith v. Columbus Mun. Civ. Serv. Comm.* (1952), 158 Ohio St. 401, 402–403, 49 O.O. 277, 278, 109 N.E.2d 507, 508. However, a trial court does not have the discretion to misapply or to misconstrue the law when deciding whether to hear or dismiss a declaratory judgment action. In the case before us, because the determination whether the trial court properly dismissed the declaratory judgment action depends upon the determination whether the trial court properly applied the rules of primacy of jurisdiction of a pending action to this case, our review of the trial court's decision to dismiss this declaratory judgment action involves a question of law.

The general rule is that when the jurisdiction of two courts is invoked concerning the same subject matter, the tribunal whose power was first invoked acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate the matter. *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d

911, 913. The application of this rule, however, is dependent upon the concurrent existence of two actions dealing with the same claim or cause of action: "It is a condition of the operation of the rule that the claims or causes of action be the same in both cases. If the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter." *Id.*, citing *State ex rel. Maxwell v. Schneider* (1921), 103 Ohio St. 492, 134 N.E. 443.

In the case before us, before reaching the issue of whether the rule of priority of jurisdiction can be applied as a bar to the Ohio action based on the West Virginia action, we must first consider the threshold question whether the two actions concern the same subject matter, the same parties, and the same relief.

It is undisputed that the West Virginia action and the Ohio action are both suits between Commercial Union and Wheeling Pittsburgh that seek declaratory judgment concerning issues of insurance coverage. The identity of the parties and the identity of relief sought in both actions are sufficiently established. Therefore, the specific issue that we must address is whether the West Virginia action and the Ohio action involve an identity of subject matter sufficient to invoke the rule of priority of jurisdiction.

The complaint underlying the Ohio action clearly seeks a determination of insurance coverage issues for Wheeling Pittsburgh's liability for environmental claims related to its United Scrap Lead Company site located in Troy, Ohio and its Buckeye Reclamation Landfill site located in St. Clairsville, Ohio. Therefore, we must determine whether the West Virginia action also encompassed insurance coverage issues relating to Wheeling Pittsburgh's Troy, Ohio and St. Clairsville, Ohio sites.

Commercial Union asserts that the West Virginia action does not involve claims relating to Wheeling Pittsburgh's two Ohio sites because the complaint filed in West Virginia did not mention the Ohio sites or in any other way give the defendants to the action "fair notice" of an intention for the action to address claims relating to the Ohio sites. Accordingly, Commercial Union asserts that the West Virginia action involves coverage issues only for the Follansbee, West Virginia and the Jamesburg, New Jersey sites that were named in the complaint.

Wheeling Pittsburgh contends that the West Virginia action does include coverage issues related to the two Ohio sites and that the action was not limited to actions related to the Follansbee, West Virginia and Jamesburg, New Jersey sites. Citing the general references in the complaint to "Underlying Environmental Actions" and the references to claims brought under "similar laws and regulations" and "Similar Underlying Environmental actions [that] may in the future be brought against WPC or Steel," Wheeling Pittsburgh asserts that the complaint can fairly be read as encompassing claims for sites other than the two

specifically named. The complaint filed by Wheeling Pittsburgh in the West Virginia action provides as follows:

## "THE UNDERLYING ENVIRONMENTAL ACTIONS

"20. Underlying Environmental Actions, including *Beazer v. Wheeling Pittsburgh Steel Corporation* concerning a site near Follansbee, West Virginia and the Wheeling Corrugating Co., Jamesburg, New Jersey site, have been brought against WPC of Steel pursuant to various causes of action and statutes such as the Comprehensive Environmental Response, Compensation and Liability Act of 1980 and the amendments thereto, 42 U.S.C. Section 9601, *et seq.* ('CERCLA'), the New Jersey Solid Waste Management Act, N.J.S.A. Section 13:1E–1 *et seq.* (the 'Spill Act'), and the New Jersey Water Pollution Control Act, N.J.S.A. Section 58:10A–1 *et seq.* and the regulations promulgated pursuant thereto by the New Jersey Department of Environmental Protection and Energy ('DEPE') and similar laws and regulations.

"21. The actions assert, *inter alia,* that WPC or Steel allegedly disposed of waste materials at the sites. The government seeks to compel WPC or Steel to pay for the investigation, remediations and the cleanup of the sites.

"22. The Underlying Environmental Actions also include the private lawsuits that have been filed against WPC or Steel.

"23. Similar Underlying Environmental Actions may in the future be brought against WPC or Steel."

The purpose of a pleading is to inform the court and the parties of the nature and grounds of the controversy, to identify the question to be tried, and to determine the nature and the scope of the trial. West Virginia Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." The notice pleading standard, which has been adopted in West Virginia, requires that a complaint give the defendant "fair notice" of the nature of the plaintiff's claim and the grounds upon which its rests so that the defendant can adequately prepare a defense. *Sticklen v. Kittle* (1981), 168 W.Va. 147, 162, 287 S.E.2d 148, 157, citing *Conley v. Gibson* (1957), 355 U.S. 41, 47, 78 S.Ct. 99, 102–103, 2 L.Ed.2d 80, 85–86.

When examining the West Virginia complaint to determine if coverage issues for the Ohio sites were included as part of the West Virginia action, we apply the usual rules of construction to determine whether the complaint can fairly be read as having given Commercial Union fair notice that coverage issues related to Wheeling Pittsburgh's two Ohio sites were within the scope of the action.

The West Virginia complaint describes the subject matter of the action as being the "Underlying Environmental Actions, including * * * [the lawsuit] concerning a site near Follansbee, West Virginia and the Wheeling Corrugating Co., Jamesburg, New Jersey site." The West Virginia complaint specifically refers to the Follansbee, West Virginia site and the Jamesburg, New Jersey site, but does not name the two Ohio sites. The complaint further states that the "Underlying Environmental Actions also include private lawsuits that have been filed against WPC or Steel" and refers to "[s]imilar * * * [a]ctions that may in the future be brought against WPC or Steel." However, the complaint does not in any way indicate that the underlying environmental actions or the other similar actions that may be brought in the future will be actions related to the Ohio sites.

The West Virginia complaint serves notice that the action encompasses coverage issues based on legal actions in addition to the one lawsuit named in the complaint. However, by failing expressly to name other sites that might be at issue in the action, the complaint does not provide notice that the other actions encompass coverage issues for sites other than the two named in the complaint. Without a more specific reference to which of Wheeling Pittsburgh's many sites could potentially be the subject of insurance coverage litigation in the case, we conclude that the West Virginia complaint does not provide the defendants with sufficient notice that insurance coverage issues for sites other than those specifically named in the complaint are the subject of the litigation. Therefore, we conclude that the West Virginia complaint cannot fairly be read as involving coverage issues related to Wheeling Pittsburgh's two Ohio sites.

Both parties concede that, at the time the West Virginia complaint was filed, they had knowledge of Wheeling Pittsburgh's potential liability for the Ohio sites. Nonetheless, the complaint makes no specific, express reference to the Ohio sites in the list of the underlying environmental actions and makes no other reference to claims based on liability at the Ohio sites. It logically follows that if the West Virginia action had been intended to encompass coverage issues for the known potential claims at the two Ohio sites, the Ohio sites would have been named in the complaint. Accordingly, we find the failure of the West Virginia complaint to refer to the known potential liability relating to the Ohio sites to be persuasive evidence that the West Virginia action was never intended to address coverage issues for claims related to the Ohio sites.

The parties invite us to look at the actions of the parties in the West Virginia case to determine whether coverage issues related to the Ohio sites are part of the West Virginia action. Commercial Union urges us to consider the fact that Wheeling Pittsburgh expressly limited its discovery requests in the West Virginia action to information relating to the Follansbee, West Virginia and the Jamesburg, New Jersey sites as support for the conclusion that Wheeling Pittsburgh

did not intend the West Virginia action to involve claims related to the Ohio sites. Conversely, Wheeling Pittsburgh cites Commercial Union's broad interrogatory request in the West Virginia action, which included within its scope information relating to the Ohio sites, as proof that Commercial Union understood the complaint to include coverage issues related to the Ohio sites.

Although we agree with Commercial Union that a discovery request by Wheeling Pittsburgh, the plaintiff in the West Virginia action, that was expressly limited to information relating only to the Follansbee and Jamesburg sites might provide some support for the conclusion that Wheeling Pittsburgh did not intend the West Virginia complaint to encompass coverage issues relating to the Ohio sites, the appellate record is devoid of any evidence of the interrogatories filed by Wheeling Pittsburgh in the West Virginia action. Because we are confined to matters contained in the appellate record, we cannot consider this argument when determining the scope of the West Virginia action.

Moreover, we reject Wheeling Pittsburgh's argument that Commercial Union's broad discovery request in the West Virginia action establishes that the action included coverage issues for the Ohio sites. West Virginia's discovery rule, which is identical to Ohio's Civ.R. 26, in the portion quoted here provides as follows:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." W.Va. R.Civ.P. 26(b)(1).

As noted by Commercial Union, this broad scope of discovery permits inquiry into any matter that is relevant to the subject matter of the action. Based on this liberal standard, it is entirely plausible that information related to sites not specifically at issue in the West Virginia action would be relevant to coverage issues for sites which were the subject of the litigation. For example, information related to dumping at one Wheeling Pittsburgh site that was not the subject of litigation in the case could be found to be relevant as proof of the insured's knowledge of similar violations at the sites that were the subject of an action.

Based on this standard for discovery, the scope of information sought in discovery can be broader than the scope of the issues actually being litigated. For this reason, we are not convinced that Commercial Union's broad discovery request proves that the West Virginia action included issues relating to sites other than those named in the complaint. Instead, the nature and scope of the issues being litigated in the West Virginia action can be more accurately determined by the language of the pleadings.

Based on our analysis of the pleadings, we conclude that the West Virginia action does not encompass insurance coverage issues related to Wheeling Pittsburgh's sites in Troy, Ohio and St. Clairsville, Ohio. Therefore, there is no identity of subject matter between the issues being litigated in the West Virginia action and the present action, and the rule of priority of jurisdiction does not apply to the complaint filed in Miami County, Ohio. Accordingly, we conclude that the trial court erred as a matter of law when it dismissed this action because of the pendency of the West Virginia action.

■ Because the facts of the present case fail to support the requisite condition of identity of subject matter between the West Virginia action and the Ohio action, we need not reach the issue of whether the rule of priority of jurisdiction applies based on actions pending outside Ohio. However, because questions relating to the rule of priority of jurisdiction may be revisited on remand with respect to the Commercial Union's pending motion to amend the complaint, we will briefly address the issue of the application of the rule for actions pending outside the state of Ohio.

The rule in Ohio is that when actions involving the same subject matter and the same parties are pending in two different Ohio courts that have concurrent jurisdiction, the court in which the action was first commenced has priority of jurisdiction to maintain the action, and pendency of an action may be pleaded as a defense to bar the second court's jurisdiction. *State ex rel. Maxwell, supra.* However, the fact that an action involving the same subject matter and the same parties is pending in a court of a sister state does not have the same effect. In a case directly analogous to the facts in the case before us, the Summit County Court of Appeals stated:

"The fact that an action is pending in another state does not constitute a defense to an action between the same parties over the same cause of action in Ohio. * * * An Ohio court's options, in this situation, are to grant a stay pending the resolution of the earlier action outside Ohio, or to maintain the action in this state. * * * In other words, dismissal is not an option at this stage of the proceedings." *Hoppel v. Greater Iowa Corp.* (1980), 68 Ohio App.2d 209, 22 O.O.3d 308, 428 N.E.2d 459 (appellate court reversed the trial court's dismissal of the Ohio action based on a pending action in the trial court in West Virginia involving the same subject matter, issues, and parties.)

The *Hoppel* court's holding is consistent with the law as stated in various legal encyclopedias and treatises. For 20 American Jurisprudence 2d (1995) 399, Courts, Section 95, provides:

"The rule of priority does not apply, as a matter of duty, between courts of different states. As a matter of comity, however, a court of one state may stay a

proceeding pending before it on the ground that a case involving the same subject matter and the same parties is pending in a court of another state. Also, in view of the full faith and credit clause of the Federal Constitution, once the proceeding on the same case has been finally adjudicated by the court of a sister state, res judicata effect must be given to it by the court of the forum state." (*Footnotes* omitted.) Accord, Restatement of the Law 2d, Conflicts of Law (1971), Section 86; 22 Ohio Jurisprudence 3d (1980), Courts, Section 332.

■ Although an action pending in a court of a sister state does not necessarily preclude an Ohio court from proceeding with the action, the trial court may, in the interest of avoiding duplicity of action and in the interest of interstate comity, exercise its discretion to stay the action.

Commercial Union's first assignment of error is sustained.

### III

Appellant's second assignment of error is as follows:

"The trial court had no proper basis upon which to dismiss this action under the doctrine of *forum non conveniens.*"

■■ In *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, paragraph one of the syllabus, the Supreme Court of Ohio approved the doctrine of *forum non conveniens* as being available for use by Ohio courts pursuant to the inherent powers of a court "to achieve the ends of justice and convenience of the parties and witnesses." The principle of *forum non conveniens* provides that, in the appropriate case, "a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, 1061–1062. In *Chambers,* the court explained that "[t]he doctrine assumes that proper jurisdiction and proper venue lie in the court which plaintiff has chosen, and additionally presupposes the availability of another forum in which the defendant may be sued." (Citations omitted.) 35 Ohio St.3d at 126, 519 N.E.2d at 373.

To determine whether the doctrine is applicable to a particular case, the trial court must weigh certain private and public factors. The relevant private factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of inspecting the premises, if appropriate; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil, supra,* 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062; *Chambers, supra,* 35 Ohio St.3d at 127, 519 N.E.2d at 373;

*Watson v. Driver Mgmt., Inc.* (1994), 97 Ohio App.3d 509, 513, 646 N.E.2d 1187, 1190.

The relevant factors involving a public interest include (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum which is familiar with the governing law. *Gulf Oil, supra,* 330 U.S. at 508–509, 67 S.Ct. at 843, 91 L.Ed. at 1062; *Chambers, supra,* 35 Ohio St.3d at 127, 519 N.E.2d at 373; *Watson, supra,* at 513, 646 N.E.2d at 1190.

As summarized by the Ohio Supreme Court in *Chambers,* "[e]ssentially, 'the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice.' " *Id.* at 127, 519 N.E.2d at 374, citing *Koster v. Lumbermens Mut. Cas. Co.* (1947), 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067, 1075.

The determination of whether *forum non conveniens* is applicable in a case is one that is within the discretion of the trial court and that may be reversed only where there has been an abuse of discretion. *Chambers, supra.* Only after the court has weighed the pertinent factors and determined that the alternate forum is the more convenient forum may the court dismiss the action. When dismissing the action, the trial court may condition the dismissal on such factors as the defendant's consent to the alternative forum's jurisdiction, the defendant's consent to waive any applicable statute of limitations, the defendant's consent to comply with the discovery rules of the original forum, and the defendant's consent to satisfy any judgment rendered against it in the alternative forum. *Id.* at 127, 519 N.E.2d at 374.

In the case before us, although Wheeling Pittsburgh raised the issue of *forum non conveniens* in the trial court as a basis for dismissing the action, the trial court did not consider this argument when dismissing the action. Because the application of the doctrine of *forum non conveniens* is confided to the sound discretion of the trial court, which is in a better position to evaluate many of the practical considerations that determine which forum would be better, we remand this issue to the trial court for consideration of the arguments raised by the parties for and against application of the doctrine. If, after considering all of the applicable private and public factors within the context of the present case, the trial court determines that dismissal of the present case would further the ends of justice and promote the convenience of the parties, we suggest that the dismissal be conditioned upon the alternative forum's accepting jurisdiction to hear the matter.

Commercial Union's second assignment of error is overruled in its present form.

## IV

Commercial Union's first assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion, including, specifically, consideration of whether to apply the doctrine of *forum non conveniens* to the circumstances of this case.

*Judgment reversed*
*and cause remanded.*

BROGAN, P.J., and WOLFF, J., concur.