OPINION
Plaintiff-appellant Joseph Carpino appeals the decision of the Jefferson County Common Pleas Court granting defendant-appellee Wheeling Volkswagen-Subaru's (Volkswagen) motion to dismiss. For the following reasons, the judgment of the trial court is affirmed.
Carpino purchased a Volkswagen Jetta from Volkswagen. Sometime after the purchase, a dispute arose between the parties concerning a $711.94 parts bill. As a result of this dispute, Volkswagen filed a complaint against Carpino in Ohio County, West Virginia, alleging that he failed to pay the parts bill. Carpino filed a counterclaim. He asserted the following: (a) that he did not receive an itemized parts bill; (b) an allegation concerning a 100,000 mile warranty which is difficult to understand; (c) wrongful detention of the automobile; (d) telephone harassment; and (e) the Jetta was held out as a new car when in reality it was a used car.
After the complaint and counterclaim were filed in West Virginia, Carpino filed a complaint against Volkswagen in the Jefferson County Common Pleas Court. In this complaint, Carpino alleged fraud in the sale of the extended warranty and fraud in the sale of the Jetta. On October 26, 2000, Volkswagen filed a motion to dismiss based on forum non conveniens and lack of personal jurisdiction. On November 1, 2000, Carpino filed a motion in support of jurisdiction and venue alleging that the court has personal jurisdiction over Volkswagen based on the sale of the warranty which resulted in substantial revenue.
A hearing was held on November 6, 2000. The trial court released its judgment entry on November 6, 2000, dismissing the action without stating findings of fact and conclusions of law. However, the court stated at the hearing that, "It appears to me these are all related claims and you're already in West Virginia and that court has assumed jurisdiction and you can litigate everything in there. You are already in that court on these very issues." (Tr. 12.) Carpino never requested findings of fact or conclusions of law. This appeal followed.
This court could have disregarded all three assignments of error pursuant to App.R. 12(A)(2) because Caprino failed to separately argue his assignments of error as required by App.R. 16(A)(7). App.R. 16(A)(7) requires an appellant to make "an argument containing contentions of the appellant with respect to each assignment of error present for review and the reason in support of the contentions." Carpino does not argue his three assignments of error separately, instead he combines all of the arguments together. This makes it difficult to decipher which assignment he is referring to in the text of his brief. Nonetheless in the interest of giving appellant his day in court, we will make an attempt to address the core legal issues presented by appellant's assignments of error.
Carpino sets forth three assignments of error. The first two assignments of error are combined because both are attacking the trial court's dismissal of Carpino's case. They provide:
 "APPELLANT WAS DEPRIVED OF DUE PROCESS OF LAW, AND THE INSTANT CAUSE HEARD BY A BIAS AND PARTIAL, AND PREJUDICE JUDGE, 14TH AMENDMENT TO THE U.S. CONSTITUTION VIOLATED."
 "APPELLEE DOES HAVE MORE THAN MINIMUM CONTACTS WITH THE STATE OF OHIO, AND TRIAL JUDGE REFUSED TO VIEW THE EXHIBITS."
Carpino attacks the dismissal of his case based on personal jurisdiction. However there is no indication that the trial court dismissed the case based on lack of personal jurisdiction, instead it appears that the court dismissed the case on other grounds. Without findings of fact and conclusions of law, this court has little indication, other than the transcript of the proceedings, of the reasons the trial court dismissed the case. While personal jurisdiction was raised at the hearing, the trial court did not entertain any discussion on a determination of personal jurisdiction or lack thereof. The whole decision rested on the court's determination that the issues raised in Jefferson County were the same issues that are currently pending before the West Virginia court. This statement indicates that personal jurisdiction was not the basis for dismissal. There are, however, two separate theories that the trial court may have utilized to dismiss the case: primacy or forum non conveniens. Under both theories, the court would first have to come to the conclusion that it had jurisdiction over the parties before proceeding.
A simple request by Carpino for findings of fact and conclusions of law pursuant to Civ.R. 52 would have been extremely helpful to both Carpino and this court. When a challenging party fails to request findings of fact and conclusions of law, the reviewing court must presume that the trial court applied the law correctly and must affirm it if some evidence is present to support the judgment. Ratliff v. Ohio Dept. of Rehab. Corr. (1999), 133 Ohio App.3d 304, 311; Allstate Fin. Corp. v. WestfieldServ. Mgt. Co. (1989), 62 Ohio App.3d 657.
First, we will examine the issue of primacy. The rule of primacy only applies when the subject matter of the two suits are identical and the parties are the same. Commercial Union Ins. Co. v. Wheeling PittsburghCorp. (1995), 106 Ohio App.3d 477, 486. In Hoppel v. Greater Iowa Corp. (1980), 68 Ohio App.2d 209, the Ninth Appellate District stated that if a case was pending in one state and the same case between the same parties was then filed in Ohio, the Ohio court has two options. The Ohio court could either stay the proceeding pending resolution of the earlier action outside Ohio or maintain the action in this state. Hoppel,68 Ohio App.2d at 210, citing Restatement of Conflict of Laws 2d, Section 86, Comment b. The Ninth District concluded that dismissal was not an option at that stage in the proceeding. Hoppel, 68 Ohio App.2d at 210. Recent cases out of the First and Second Appellate Districts have followed the Ninth Appellate District. See Commercial Union, 106 Ohio App.3d 477; CincinnatiSub-Zero, Inc. v. Hiller (May 14, 1997), Hamilton App. No. C960490, unreported. The Second District relied on the following statement from American Jurisprudence to support its proposition:
 "The rule of priority does not apply, as a matter of duty, between courts of different states. As a matter of comity, however, a court of one state may stay a proceeding pending before it on the ground that a case involving the same subject matter and the same parties is pending in a court of another state. Also in view of the full faith and credit clause of the Federal Constitution, once the proceeding on the same case has been finally adjudicated by the court of a sister state, res judicata effect must be given to it by the court of the forum state." Commercial Union, 106 Ohio App.3d at 487-488 quoting 20 American Jurisprudence 2d (1995) 399, Courts, Section 95.
The West Virginia action and the Jefferson county action are identical causes of action. In West Virginia, Carpino claims that the car he was sold was held out as a new car when in fact it was a used car. In Jefferson County, Carpino claims that there was fraud in the sale of the car. To support this claim, Carpino alleged that the Volkswagen dealer said his car was a new car when in fact it was a used car. In West Virginia, Carpino is claiming a warranty claim, which is extremely difficult to understand from the wording of the counterclaim. In Jefferson County, Carpino is claiming a fraud in the sale of the warranty. Both suits are between the same parties and contain the same causes of action.
If the trial court had relied upon this line of cases, the trial court would have erred in dismissing the action. The trial court's option would have been either to allow the case to proceed or stay the case pending resolution in West Virginia. If the case was stayed, the trial court would dismiss the case based on res judicata after the completion of the West Virginia case on the same claims. However, since the trial court chose neither of these actions, the decision of the trial court must have been based upon forum non conveniens.
The Supreme Court of Ohio adopted the doctrine of forum non conveniens to achieve the ends of justice and convenience of the parties and witnesses. Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988),35 Ohio St.3d 123. The doctrine of forum non conveniens supplies a basis for a court to resist imposition of the case upon its jurisdiction. Id. There are a number of public and private interests that a trial court must analyze before dismissing a case based on forum non conveniens. Id. Important private interests include access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, location of willing witnesses and enforceability of a judgment if one is obtained. Id. Public interest factors to be considered include administrative difficulties and delay to other litigants caused by congested court dockets, the imposition of jury duty upon citizens of the jurisdiction, and the appropriateness of litigating a case in a forum familiar with the applicable law. Id. The standard of review for a dismissal based on forum non conveniens is abuse of discretion. Id.
In Glidden Co. v. HM Holdings, Inc. (1996), 109 Ohio App.3d 721, the Eighth District Court of Appeals determined that one of the factors to be considered in the doctrine of forum non conveniens was whether the identical case with the same identical parties was filed in another state. Id. The Eighth District reasoned that the application of this factor is like the application of concurrent jurisdiction. Id. at 725. The general rule for the resolution of a conflict between two county courts asserting concurrent jurisdiction over the same cause is that the tribunal whose power is invoked first acquires jurisdiction. Phillips v.Polcar (1977), 50 Ohio St.2d 279. The concurrent jurisdiction rule cannot apply in the case at bar since the courts are in different states. However, the principle behind concurrent jurisdiction to preserve judicial resources and prevent duplicative or piecemeal litigation is applicable. Glidden, 109 Ohio App.3d 721, 725.
Prior to the Glidden decision, the Eighth District determined that theHoppel decision preceded the Ohio Supreme Court's decision in Chambers.Leber v. Wuliger (Jan. 24, 1991), Cuyahoga App. No. 57880, unreported. The Chambers decision allows a court to dismiss an action based on forum non conveniens, therefore Hoppel is not controlling. Id.
A number of the private and public interest factors have been met in the case at bar. First, most if not all of the witnesses and evidence are located in West Virginia. Second, the alleged fraud did not occur in the trial court's jurisdiction and there are no relevant documents alleged to be in the State of Ohio. Lastly, and just as important as any other public or private interest, is that the same action is filed in West Virginia. Glidden, 109 Ohio App.3d at 725. A review of the counterclaim filed in West Virginia and the complaint filed in Jefferson County, as discussed earlier, demonstrates that the West Virginia action and the Jefferson County action are identical.
Therefore, applying the factors set forth in Chambers and adopting the additional Glidden factor (i.e., that the same case filed in one state and then filed in Ohio can be a consideration in determining whether to dismiss an action based on forum non conveniens) there is support for the dismissal of the action in this case. As such, and considering the presumption that the trial court applied the law correctly,[1] we hold that the trial court did not abuse its discretion in dismissing the action in the case sub judice.
Carpino's third assignment of error alleges:
 "TRIAL JUDGE DID NOT PREPARE FOR THIS MOTION AND DID NOT COMPREHEND THE FRAUD IN THE WRITTEN EXPRESSED WARRANTY, THAT WAS LEFT BLANK, ON APPELLANT'S EXHIBIT `B' IN THE PLEADINGS TO WIT: REVERSE DIES OF PAGE TWO OF SAID EXHIBIT `ITEMS NOT PRINTED BECAUSE OF EXCESSIVE LENGTH: A-621176.' TRIAL JUDGE DID NOT READ OR PREPARE FOR THE MOTION HEREIN, EXHIBIT `A' SERVICE CONTRACT, 24 MONTHS/24,000 MILES, THE REMAINDER IS BLANK."
Carpino asserts error that the trial court did not comprehend the fraud. However, the trial court did not examine the merits of the fraud claim, instead it dismissed the cause of action. Carpino's third assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DONOFRIO, J. and DeGENARO, J., concurs.
[1] See p. 3, infra.