OPINION
{¶ 1} Appellant, Nationwide Mutual Fire Insurance Company, appeals from the December 29, 2003 judgment entry of the Geauga County Court of Common Pleas, in which the trial court granted the motion to stay of appellee, Mary J. Modroo, individually and as administrator and personal representative of the estate of Mamie J. Hardy, deceased ("Hardy"). The trial court stayed the proceedings pending the disposition of Case No. DV-03-620 in the Montana Fourth Judicial District Court, Missoula County, Montana.
 {¶ 2} This action originated with a complaint filed by appellee in the Montana Fourth Judicial District Court against Max Lemaire ("Lemaire") and appellant for claims arising from the accidental death of her daughter, Hardy, in Montana. Appellant filed a declaratory judgment action in Geauga County, Ohio, requesting a declaration that appellee was not entitled to coverage under one of two Nationwide policies at issue in Montana.
 {¶ 3} In February 2003, Hardy, a student and employee of the University of Montana, was injured in an automobile accident in Montana due to the negligent driving of her boyfriend, Lemaire. She was a passenger in the car and died as a result of her injuries. At the time of the accident, Hardy had only been in Montana attending college for four months, was paying out-of-state tuition, maintained a valid Ohio driver's license, was covered under appellee's health insurance plan, and was claimed on appellee's tax return. Lemaire maintained a New Hampshire driver's license.
 {¶ 4} Hardy's mother, appellee, and appellee's parents were partners in a farm, which was insured under a farmowner's policy by Nationwide Agribusiness Insurance Company, an Iowa subsidiary of Nationwide Insurance Company. Appellee and her parents had a commercial line policy that insured four farm vehicles. Appellee and her mother were also insured under an automobile policy issued by appellant.
 {¶ 5} After Hardy's death, appellee, and Hardy's father, Cassius Hardy, a California resident, decided to probate her estate in Montana. Appellee was appointed as the personal representative of Hardy's estate. That action is currently pending in the Montana Fourth Judicial District Court. Additionally, on July 28, 2003, appellee filed a wrongful death action in the Montana Fourth Judicial District Court against Lemaire and Nationwide. Appellee sought redress from Lemaire, who was insured for $50,000, and appellant under the underinsured motorist coverage ("UIM") portion of her automobile policy and the UIM coverage under her farmowners' policy.
 {¶ 6} On August 19, 2003, appellant filed a declaratory judgment action in the Geauga County Court of Common Pleas against appellee concerning the commercial lines policy. Although the Montana court issued an order retaining jurisdiction, it also issued an interlocutory decision on February 9, 2004, in which it determined that Ohio law applied to the personal lines policy and stated that Hardy was not an insured under the policy, nor was she in a covered car at the time of the accident. However, there are pending motions for reconsideration in the Montana court and the matter is on appeal.
 {¶ 7} On October 22, 2003, appellee filed a motion to dismiss or stay the action in Ohio. On December 29, 2003, the trial court stayed the case pending the disposition of the Montana matter. It is from that entry that appellant timely filed the instant appeal and now assigns a single assignment of error for our review:
 {¶ 8} "The trial court erred [to] the prejudice of [appellant] by staying the Ohio action pending resolution of the Montana action."
 {¶ 9} Preliminarily, we note that appellee filed a motion to dismiss for lack of a final appealable order with this court on February 9, 2004. Appellant filed a memorandum in opposition to the motion on February 19, 2004. In a judgment entry dated April 15, 2004, we ruled that the decision to grant the stay affected a substantial right and was made in a special proceeding, and thus, constituted a final appealable order. As a result, this court overruled appellee's motion to dismiss regarding the issue of a final appealable order.
 {¶ 10} Now we will turn to appellant's assignment of error. Under its sole assignment of error, appellant argues that it was error for the trial court to stay the Ohio action until the Montana action was resolved. Appellant presents two issues for our review. First, appellant alleges that Ohio's priority of jurisdiction rule does not apply between courts of different states but rather the principles of comity and forum non conveniens apply. Appellant also contends that the legal principle of comity and forum non conveniens require a trial court to maintain the action rather than issuing a stay because the facts in this matter can convert the stay into a dismissal.
 {¶ 11} Before addressing the merits of this appeal, we will set forth the appropriate standard of review. In determining if a trial court has properly ruled upon a motion to stay the proceedings, the standard of review is whether the order constitutes an abuse of discretion. Zachary v. Crocket Homes,Inc., 5th Dist. No. 2003CA00131, 2003-Ohio-5237, ¶ 15. "The term `abuse of discretion' implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 12} In the instant matter, even if the Montana court properly invoked jurisdiction before the Ohio court invoked jurisdiction, the pendency of the action in Montana, involving the same subject matter and the same parties, does not preclude the Ohio trial court's exercise of jurisdiction to adjudicate the complaint. The rule of primacy applies when the subject matter of the two suits are identical and the parties are the same.Commercial Union Ins. Co. v. Wheeling Pittsburgh Corp. (1995),106 Ohio App.3d 477, 486. The "rule of priority of jurisdiction" applies to actions pending in different Ohio courts that have concurrent jurisdiction, but it does not apply when an action is pending in another state as in this case. Hoppel v. Greater IowaCorp. (1980), 68 Ohio App.2d 209, 210; Commercial Union,106 Ohio App.3d at 486; Neff Motivation, Inc. v. Lagrou, 2d Dist. No. 01-CA-1560, 2002-Ohio-2788, at 2-3.
 {¶ 13} In Hoppel, the Ninth Appellate District stated that if a case was pending in one state and the same case between the same parties was then filed in Ohio, the Ohio court has two options; it can either stay the proceeding pending resolution of the earlier action outside Ohio or maintain the action in this state. Id. at 210, citing Restatement of Conflict of Laws 2d, Section 86, Comment b. The Ninth District concluded that dismissal was not an option at that stage in the proceeding. Id. Cases out of the First and Second Appellate Districts have followed the Ninth Appellate District. See Commercial Union,
supra; Cincinnati Sub-Zero, Inc. v. Hiller (May 14, 1997), 1st Dist. No. C-960490, 1997 WL 249437. The Second District relied on the following statement from American Jurisprudence to support its proposition:
 {¶ 14} "`The rule of priority does not apply, as a matter of duty, between courts of different states. As a matter of comity, however, a court of one state may stay a proceeding pending before it on the ground that a case involving the same subject matter and the same parties is pending in a court of another state. Also, in view of the full faith and credit clause of the Federal Constitution, once the proceeding on the same case has been finally adjudicated by the court of a sister state, res judicata effect must be given to it by the court of the forum state.'" Commercial Union, 106 Ohio App.3d at 486-487, quoting 20 American Jurisprudence 2d (1995) 399, Courts, Section 95.
 {¶ 15} In the circumstances here, involving a pending action in a sister state, the Ohio trial court's options were either to grant a stay of the Ohio action pending the Montana court's resolution of its action or maintain the action in Ohio. Hoppel
at 210; Commercial Union at 486; Neff Motivation at 2. Here, the trial court followed the applicable law by choosing to grant the stay.
 {¶ 16} The Supreme Court of Ohio has also adopted the doctrine of forum non conveniens which allows a court with proper jurisdiction to dismiss an action when doing so would further the ends of justice and promote the convenience of the parties and witnesses. Chambers v. Merrell-Dow Pharmaceuticals, Inc.
(1988), 35 Ohio St.3d 123, 126. The doctrine of forum non conveniens supplies a basis for a court to resist imposition of the case upon its jurisdiction. Id. There are a number of public and private interests that a trial court must analyze before dismissing a case based on forum non conveniens. Id. Private interest factors include: access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the cost and location of obtaining attendance of willing witnesses; the possibility of inspecting the premises if appropriate; and other practical problems that make trial of a case easy, expeditious and inexpensive. Id. at 127. Public interest factors to be considered include administrative difficulties and delay to other litigants caused by congested court dockets, the imposition of jury duty upon citizens of the jurisdiction, and the appropriateness of litigating a case in a forum familiar with the applicable law. Id.
 {¶ 17} Because the trial court is in a better position to evaluate many of the practical considerations concerning "`where trial will best serve the convenience of the parties and the ends of justice,'" the application of the doctrine is entrusted to its sound discretion. Id., quoting Koster v. Lumbermens Mut. Cas.Co. (1947), 330 U.S. 518, 527. See, also, Commercial Union,106 Ohio App.3d at 488. A reviewing court must not reweigh the public and private factors relevant to the trial court's disposition of the motion. Chambers at 132-33. Rather, it must give "substantial deference" to the trial court's decision when its balancing of the relevant determinants is "reasonable." Id. at 127.
 {¶ 18} In the case sub judice, there is evidence in the record to support the trial court's decision, which include the following: Hardy was injured in an automobile accident that occurred in Montana; she died in Montana; she was living in Montana while attending school; she worked in Montana; appellee filed the complaint in Montana; appellant is litigating the matter in Montana; Lemaire lived and worked in Montana; most if not all of the witnesses and evidence are located in Montana; and the case involves parties not only from Ohio, but also from California, Iowa, and Montana. Thus, the trial court did not abuse its discretion in staying the action because in the interests of comity, there is a case pending in Montana.
 {¶ 19} Furthermore, although appellant asserts that its case will be dismissed on the basis of the doctrine of forum non conveniens, the Chambers decision allows a court with proper jurisdiction to dismiss an action when doing so furthers the ends of justice and promotes the convenience of the parties and witnesses. The Chambers case does not require a dismissal. In this matter, the case was simply stayed and has not yet been dismissed. Therefore, to assume that the matter is going to be dismissed at a later date would be premature. Accordingly, that argument is meritless.
 {¶ 20} For the foregoing reasons, appellant's lone assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed.
Christley, J., O'Neill, J., concur.