OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-Appellant, Michele L. Walp, appeals from a judgment of the Auglaize County Common Pleas Court, Domestic Relations Division, dismissing for lack of jurisdiction her complaint for a divorce from Defendant-Appellee, Robie D. Walp. Michele asserts that the trial court erred by dismissing her complaint without giving her a chance to respond to Robie's motion to dismiss. She also claims that the trial court had jurisdiction and was the proper venue for her complaint. After reviewing the entire record, we find that the trial court did have jurisdiction and that it was error for Michele's complaint to be dismissed. However, because Auglaize County was not the proper venue, the complaint should have been transferred to Montgomery County. Accordingly, the judgment of the trial court dismissing Michele's complaint is reversed, and the cause is remanded with orders for the trial court to transfer her case to Montgomery County.
 {¶ 3} Michele and Robie were married in Troy, Ohio on December 28, 1996. Sometime thereafter, Robie became a resident of Georgia, but Michele remained a resident of Ohio.
 {¶ 4} On December 1, 2004, Robie filed a complaint for divorce in the Chatham County Superior Court, which is located in the State of Georgia. Service was perfected on Michele through publication, and she filed a response to the complaint on January 14, 2005. In her response, Michele claimed that the Georgia court lacked jurisdiction over her and the divorce.
 {¶ 5} Subsequently, on March 28, 2005, Michele filed her own petition for a divorce in the Auglaize County Common Pleas Court, Domestic Relations Division. Robie responded to Michele's complaint with a motion to dismiss. The basis for his motion was that the Auglaize County Common Pleas Court did not have jurisdiction because the Chatham County Court had already perfected service on his previously filed complaint. He also contested Auglaize County as the proper venue because Michele was a resident of Montgomery County. After considering Robie's motion, but before allowing Michele time to respond, the trial court dismissed Michele's complaint for lack of jurisdiction and improper venue. From this judgment Michele brings the following three assignments of error.
 Assignment of Error I The trial court erred in its dismissal of Plaintiff'sComplaint without notice and opportunity to be heard onDefendant's motion to Dismiss.
 Assignment of Error II The trial court erred in its dismissal of Plaintiff'sComplaint for what appears to be, at best, a finding of impropervenue.
 Assignment of Error III The trial court erred in its dismissal of Plaintiff'sComplaint with the sole finding ". . . it is equally as clearthat the Domestic Relation's Division of this Court has nojurisdiction over the divorce."
 {¶ 6} Due to the nature of these assignments of error, we elect to address them in reverse order as they have been presented to us.
 Assignment of Error III {¶ 7} In her third assignment of error, Michele maintains that the trial court erred by dismissing her complaint for lack of jurisdiction. We agree.
 {¶ 8} According to the rule of jurisdictional priority, "as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. This rule obtains in divorce actions." State ex rel. Largent v. Fisher
(1989), 43 Ohio St.3d 160, 162, quoting Miller v. Court ofCommon Pleas (1944), 143 Ohio St. 68, 70. However, the rule of jurisdictional priority applies only to "actions pending in different Ohio courts that have concurrent jurisdiction."Nationwide Mut. Fire Ins. Co., v. Modroo, 11th Dist. No. 2004-G-2557, 2004-Ohio-4697, at ¶ 12, citing Hoppel v. GreaterIowa Corp. (1980), 68 Ohio App.2d 209, 210. "[I]t does not apply when an action is pending in another state as in this case."Nationwide at ¶ 12.
 {¶ 9} In Hoppel, the Ninth District stated that "[t]he fact that an action is pending in another state does not constitute a defense to an action between the same parties over the same cause of action in Ohio." Hoppel, 68 Ohio App.2d at 210; see,Nationwide at ¶ 13-15; Long v. Grill, 155 Ohio App.3d 135,2003-Ohio-5665, at ¶ 27 (holding that "the pendency of the action in California, involving the same subject matter and the same parties, does not preclude the Ohio trial court's exercise of jurisdiction to adjudicate plaintiff's complaint"); NeffMotivation, Inc., v. Lagrou, 2nd Dist. No. 01-CA-1560, 2002-Ohio-2788; Carpino v. Wheeling Volkswagen Subaru, 7th Dist. No. 00 JE 45, 2001-Ohio-3357; Cincinnati Sub-Zero, Inc. v.Hiller (May 14, 1997), 1st Dist. No. C-960490; A.P. P.Development Const. Co. v. Colonial Mortg. Service Co. (Mar. 24, 1986), 5th Dist. No. CA-6770; Security Trust Co. v. Gross
(Dec. 16, 1985), 12th Dist. Nos. CA83-06-054, CA83-06-058 and CA83-06-059. Thus, an Ohio trial court in such a situation retains jurisdiction over the matter and has two options: (1) it can grant a stay in the Ohio proceedings pending the resolution of the earlier action outside of Ohio or (2) it can go forward with the action in Ohio. Hoppel, 68 Ohio App.2d at 210. However, "dismissal is not an option at this stage in the proceedings." Id.
 {¶ 10} Subsequent to the decision in Hoppel, the Ohio Supreme Court adopted the doctrine of forum non conveniens inChambers v. Merrell-Dow Pharmaceuticals, Inc. (1988),35 Ohio St.3d 123. The Court stated that the doctrine "allows a court having proper jurisdiction to dismiss an action when to do so would further the ends of justice and promote the convenience of the parties * * *." Id. at 125. Furthermore, the Court held that the ability of a court to dismiss an action under forum non conveniens was an inherent power of the court and within its sound discretion. Id.
 {¶ 11} Applying Chambers to the holding in Hoppel,
several courts have found that a trial court may in fact dismiss a case that has a similar case pending in another state based upon the doctrine of forum non conveniens. Nationwide, at ¶ 16-19; Carpino supra; Neff supra; Leber v. Wuliger (Jan. 24, 1991), 8th Dist No. 57880. Thus, a court faced with the situation of a prior case pending in another state now has three options: (1) it can grant a stay in the Ohio proceedings pending the resolution of the earlier action outside of Ohio, (2) it can go forward with the action in Ohio, or (3) it can dismiss the case under the doctrine of forum non conveniens.
 {¶ 12} Relating the above law to the facts of the case before us, it is clear that the trial court erred in dismissing Michele's complaint. The trial court relied upon a finding that the pending Georgia case deprived it of jurisdiction. UnderHoppel and its progeny, this is clearly not true. Furthermore, the trial court never discussed the doctrine of forum non conveniens or engaged in a proper analysis to determine if a dismissal under this doctrine was proper. "Only after the court has weighed the pertinent factors and determined that the alternate forum is the more convenient forum may the court dismiss the action." Commercial Union Ins. Co. v. WheelingPittsburgh Corp. (1995), 106 Ohio App.3d 477. Therefore, the trial court had no valid basis upon which to dismiss Michele's complaint, and the third assignment of error is sustained.
 Assignment of Error II {¶ 13} In her second assignment of error, Michele claims that the trial court erred by dismissing her claim for improper venue. We agree.
 {¶ 14} Civ.R. 3(B) sets forth the circumstances under which proper venue will lie. Civ.R. (3)(B)(7) provides that venue lies in the county where the plaintiff resides in a Civ.R. 4.3 action. Civ.R. 4.3 covers service on out of state residents. Similarly, Civ.R. 3(B)(9) provides that venue lies in the county where the plaintiff resides in a divorce action.
 {¶ 15} Pursuant to her own complaint, Michele had been a resident of Montgomery County for at least six months prior to the filing of the complaint. Therefore, under the plain language of the civil rules, venue was not proper in Auglaize County, and the trial court did not err by finding venue to be improper.
 {¶ 16} However, venue is a procedural matter primarily concerned with choosing a convenient forum and raises no jurisdictional implications. Wilson v. Brown, 7th Dist. No. 01-BA-35, 2002-Ohio-2410, at ¶ 14. As such, "[d]ismissal, either with or without prejudice, is not an option under Civ.R. 3." Id. at ¶ 15. Accordingly, it was error for the trial court to dismiss Michele's complaint based upon venue. Upon Robie's objection to venue in Auglaize County, the trial court should have moved the case to Montgomery County, where venue was proper. In this respect, the second assignment of error is sustained.
 Assignment of Error I {¶ 17} In her first assignment of error, Michele contends that the trial court erred in dismissing her complaint without giving her a chance to respond. We have already found that the trial court erred in dismissing Michele's complaint. As such, her first assignment of error is moot and will not be addressed by this Court. See, App. R. 12(A)(1)(c).
 {¶ 18} In summation, we find that an Ohio trial court has jurisdiction over a case despite the fact that a court in another state has already exercised jurisdiction over the same subject matter. A court faced with such a situation can grant a stay pending the outcome of the case in the other state, proceed in Ohio on the merits of the case, or dismiss the case upon a finding of forum non conveniens. Thus, the trial court herein erred by dismissing the case for lack of jurisdiction. Regarding venue, the trial court was correct in finding that Auglaize County was not the proper forum. However, the trial court erred in dismissing the case based upon venue. The trial court should have transferred the case to Montgomery County, which is the county where Michele resides, and should have allowed the court with proper venue to rule on the motion to dismiss.
 {¶ 19} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter with instructions for the trial court to transfer the case to Montgomery County.
Judgment Reversed and Cause Remanded.
 Cupp, P.J. and Bryant, J., concur.