OPINION
{¶ 1} Appellant, American Calendar Company, Inc., appeals the judgment entered by the Lake County Court of Common Pleas after it entered a default judgment in favor of appellee, Stradiot Specialty, Inc. We affirm.
 {¶ 2} The parties' business relationship, out of which the underlying litigation arises, involved the sale and purchase of calendars. Appellee ordered calendars from Appellant on behalf of some of appellee's clients. *Page 2 
 {¶ 3} In 1989, a "distributor application" was sent by appellant to appellee. The application sought "confidential information" regarding appellee's name, address, its chief officer's name, its net worth, its yearly sales volume, as well as various trade and bank references. The application did not obligate either party to perform for the other in any ostensible way. The document was signed by appellee's office manager and returned to appellant. At the bottom of application was a forum selection clause. This clause provided, in pertinent part:
 {¶ 4} "I further agree that any dispute arising out of this Agreement shall be litigated only in the courts in the State of Tennessee and in the County of Greene, including the United States District Court for the Eastern District of Tennessee. I agree to submit to the in personam jurisdiction of the State of Tennessee and to waive any objection which they might have to the subject matter jurisdiction of the State of Tennessee. The parties hereto agree that venue shall lie in Green County, Tennessee and hereby waive any objection to same."
 {¶ 5} Appellee placed orders through appellant at various times from 1989 to 2003. In 2003, the parties became involved in a dispute over some of the calendar orders. Appellee claimed that the calendars were defective, and appellant claimed appellee was in default for failing to pay for the calendars.
 {¶ 6} Appellant sued Appellee in the Greene County Court in Tennessee. Thereafter, Appellee initiated the instant action in the Lake County Court of Common Pleas.
 {¶ 7} Appellee's complaint was filed on October 14, 2003 and sought declaratory relief and monetary damages. After properly moving the court for leave to *Page 3 
plead, the trial court ordered appellant file an answer to appellee's complaint on or before February 27, 2004. Instead of filing its answer, appellant filed a motion to dismiss on March 10, 2004, eleven days after the deadline set by the trial court. Appellant's motion asserted that the matter should be dismissed because of the forum selection clause and the pending matter in Tennessee. On April 30, 2004, the trial court denied appellant's motion without mentioning its untimeliness.
 {¶ 8} Thirteen days later, on May 12, 2004, appellant filed a "motion to transfer the action to the Third Judicial District of Tennessee at Greeneville."[1] Therein, appellant argued that the instant case should be transferred to the Tennessee Court since that court had invoked jurisdiction over the matter. Appellee filed a brief in opposition to appellant's motion to transfer the matter to the Tennessee Court. On June 23, 2004, the trial court denied appellant's motion to transfer.
 {¶ 9} Fifteen days later, on July 8, 2004, appellant filed a motion for leave to plead. Appellant sought to file an answer. In this motion, appellant argued that the time for filing its answer tolled due to the filing of the motion to dismiss and the motion to transfer the matter to the Tennessee Court. Appellee filed a motion in opposition. In the meantime, on July 22, 2004, the trial court set the matter for jury trial on September 27, 2004.
 {¶ 10} On August 13, 2004, the trial court filed its judgment entry denying appellant's motion for leave to plead and, on August 18, 2004, the trial court struck appellant's answer from the record. Later, appellant attempted to file a motion for *Page 4 
summary judgment which the court struck due to appellant's failure to request leave to file it. On September 13, 2004, appellant filed a motion leave to file its motion for summary judgment, which the trial court denied due to the close proximity of the trial date, to wit, September 27, 2004.
 {¶ 11} Appellant filed a motion to continue the trial scheduled for September 27, 2004, asserting that its main witness would be out of the country on that date. The trial court denied this motion. Appellant subsequently filed a motion for reconsideration of the trial court's denial of its motion to continue, which the trial court also denied.
 {¶ 12} Pursuant to Civ.R. 55, the trial court entered default judgment in favor of appellee in the amount of $77,297. Appellant timely appealed the trial court's judgment entry to this court. No transcript of the proceedings conducted on September 27, 2004 has been included in the record. After lengthy consideration of the underlying issues, this matter was recently assigned to this writer.
 {¶ 13} Appellant's first assignment of error asserts:
 {¶ 14} "The Trial Court erred by improperly asserting jurisdiction and entering a judgment in this matter when the Circuit Court for the Third Judicial District of Tennessee already entered a final judgment rendered upon the merits."[2]
 {¶ 15} Throughout the proceedings below, appellant asserted the trial court did not have jurisdiction over the case because the Third Judicial District of Tennessee had commenced proceedings pertaining to the same issue. However, the rule of "priority of jurisdiction" applies to matters pending in different Ohio courts that have concurrent *Page 5 
jurisdiction. It does not apply when an action is pending in another state. See, e.g., Long v. Grill, 155 Ohio App.3d 135, 144,2003-Ohio-5665. In circumstances such as this, involving a pending action in a sister state, Ohio courts may either (1) grant a stay of the Ohio action pending the Tennessee court's resolution of the matter, or (2) maintain the action in Ohio. Id.; see, also, Hoppel v. Greater IowaCorp. (1980), 68 Ohio App.2d 209; Commercial Union Ins. Co. v. WheelingPittsburgh Corp. (1995), 106 Ohio App.3d 477, 486. Hence, the trial court in the instant matter acted properly in choosing to move forward with the case.
 {¶ 16} This conclusion notwithstanding, the Tennessee judgment entry to which appellant refers was not properly authenticated and therefore was not competent evidence. While the judgment entry could have been a "self-authenticating" public record, it was not properly certified pursuant Evid.R. 902(4). Under the circumstances, the evidence was not admissible and thus could have no impact on the outcome of this case.
 {¶ 17} Because the judgment at issue was not properly before the courtand the trial court had authority to proceed irrespective of the commencement of the proceedings in Tennessee, appellant's first assignment of error is accordingly overruled.
 {¶ 18} Appellant's second assignment of error asserts:
 {¶ 19} "The trial court erred by improperly exercising jurisdiction over a matter in that the Appellant and Appellee entered into a binding contract containing a valid forum selection clause."
 {¶ 20} Appellant asserts the forum selection clause contained in the 1989 distributor application is binding on the parties. Appellee argues this clause is not *Page 6 
binding because the application was 13 years prior to the actual transactions at issue and the application is not a binding contract.
 {¶ 21} Generally, a forum selection clause in a freely bargained commercial contract is valid and enforceable unless enforcement would be unreasonable or unjust. Discount Bridal Services, Inc. v. Kovacs (1998),127 Ohio App.3d 373. Once a forum selection clause is determined to be valid and enforceable, jurisdiction rests with the forum designated in the clause. See, e.g., Tri County Distrib., Inc. v. Canandaigua (1993),68 Ohio St.3d 123, 129. See, also, Information Leasing Corp. v.Jaskot, 151 Ohio App.3d 546, 2003-Ohio-566, at ¶ 24.
 {¶ 22} Here, the document in which the forum selection clause appears is an application. A contract requires "an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration." Lake Land Employment Grp of Akron, LLC v.Columber, 101 Ohio St.3d 242, 246, 2004-Ohio-786. An application is merely an offer or proposal to contract. It therefore fails to meet the criteria of a binding contract, viz., it fails to evidence mutual assent to agreed upon terms and does not indicate any bargained-for benefit or detriment. To the extent there is no binding agreement in which the clause appears or into which the clause has been incorporated, the clause is an unenforceable legal nullity.
 {¶ 23} Appellant's second assignment of error is therefore overruled.
 {¶ 24} As appellant's appellant's third, fourth, and fifth assignments of error concern the hearing conducted on September 27, 2004, they shall be considered collectively. *Page 7 
 {¶ 25} These assigned errors assert:
 {¶ 26} "[3.] The trial court committed prejudicial error when it concluded the default judgment hearing in a manner that was procedurally defective and did not allow the appellant to assert its rights.
 {¶ 27} "[4.] The trial court erred by conducting the default judgment damages hearing in a manner that did not allow the appellant to respond, defend, or object during the proceedings.
 {¶ 28} "[5.] The trial court erred by conducting an ex parte damages hearing and continuing to conduct such hearing after appellant's counsel appeared."
 {¶ 29} Appellant states in its appellate brief that its counsel appeared "a few minutes late" for the September 27, 2004 trial but was effectively denied the opportunity to participate. We are unable to confirm appellant's claim because it failed to include a transcript of the proceedings in the record. The obligation to provide a transcript for appellate review rests upon the appellant. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolutions of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 30} That said, appellant refers to the September 27, 2004 hearing as either a default judgment hearing or as an ex parte hearing. In doing so, appellant appears to conflate these distinct proceedings. An ex parte hearing should take place where a defending party has pleaded but has failed to show for trial. Ohio Valley Radiology Assoc. v. OhioValley Hospital Assn. (1986), 28 Ohio St.3d 118, 122. Such a procedure *Page 8 
"requires affirmative proof of the essential elements of a claim [and thus] is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof." Id.
 {¶ 31} The trial court's September 30, 2004 judgment entry reads:
 {¶ 32} "This action came on for hearing before the Court, and the issues having been duly heard, including the sworn testimony of Cindy Stradiot, Vice-President of Stradiot Specialty, Inc., and the introduction of Plaintiffs Exhibits 1, 2, 3, 7, 8, 9, 10, 11, 13, 15, 20, 22, 24, and 26, and a decision having been duly rendered, the Court finds as follows:
 {¶ 33} "All necessary parties have been served pursuant to the Rules of Civil Procedure and are properly before the Court;
 {¶ 34} "Defendant, American Calendar Company, Inc., having failed to Answer the Complaint or appear as ordered for the Trial of this action, Plaintiff Stradiot Specialty, Inc. is entitled to Judgment on its claims pursuant to Ohio Civil Rule 55. Therefore,
 {¶ 35} IT IS ORDERED AND ADJUDGED that Plaintiff, Stradiot Specialty, Inc. recover of Defendant, American Calendar Company, Inc. the sum of Seventy-Seven Thousand Two Hundred Ninety-Seven Dollars ($77,297.00), with interest thereon at the rate of Four Percent (4%) from the date of judgment, and Plaintiffs costs of this action, with Court costs to be borne by the Defendant."
 {¶ 36} The trial court stated its judgment was rendered pursuant to Civ.R. 55, i.e., a default judgment. Curiously, it also indicates evidence was submitted in support of appellee's cause of action. These conclusions are incompatible. A default judgment *Page 9 
may be rendered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * *." Civ.R. 55(A). Here, appellant filed a motion to dismiss and a motion to transfer the matter to a foreign jurisdiction. It attempted to file an untimely answer, but the answer was stricken by the trial court. It also attempted to file a motion for summary judgment that was disallowed by the lower court. By virtue of the actions taken by appellant to "otherwise defend" against appellee's claims, appellant could not be held in default. Westmoreland v. Valley Homes Corp. (1975),42 Ohio St.2d 291, 293-294. "It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or `otherwise defend(ing)' that a default arises."Ohio Valley Radiology Assoc., supra, 121. Clearly, appellant could not have been held in default.
 {¶ 37} Nevertheless, any error by the trial court in denoting its judgment entry a "default judgment" is harmless and does not merit reversal as appellant was not prejudiced by the trial court's management of the proceedings. Regardless of how the trial court styled its judgment entry and/or the manner in which the hearing was conducted, the record reveals appellant was afforded due process of law. Appellant was on notice of the date of the trial and was given ample opportunity to defend against appellee's allegations. If appellant did not appear for trial, it failed to do so at its own peril. If it did appear for trial, we have no way of verifying its assertion that the trial court denied it the opportunity to participate. As emphasized supra, in the absence of a transcript, affidavit, or other evidentiary submission, we must presume the regularity of the proceedings below including the validity of the judgment. DiNunzio v. DiNunzio, 11th Dist. No. 2006-L-106,2007-Ohio-2578, at ¶ 18. As appellant was on notice and *Page 10 
given an opportunity to defend, appellant was not prejudiced when the trial court conducted the September 27, 2004 hearing.
 {¶ 38} Pursuant to this reasoning, appellant's third, fourth, and fifth assignments of error are overruled.
 {¶ 39} For the reasons set forth above, appellant's five assignments of error are without merit and the judgment of the Lake County Court of Common Pleas is hereby affirmed.
DIANE V. GRENDELL, J., concurs,
WILLIAM M. O'NEILL, J., dissents with Dissenting Opinion.
[1] Pursuant to Civ.R. 12(A)(2) "[t]he service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (a) if the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action."
[2] We point out that appellant averred in both its March 10, 2004 motion to dismiss and its May 12, 2004 motion to transfer that the trial in Tennessee was scheduled to begin on May 14, 2004. The alleged final judgment entry to which appellant refers addressed the purported validity of the forum selection clause, not the merits of the underlying case.