*Franklin B. Abernathy*, pro se.

CHARLES F. TYNAN & another[1] *vs.* ATTORNEY GENERAL & others.[2] January 29, 2009. *Supreme Judicial Court*, Appeal from order of single justice. *Judgment*, Preclusive effect.

Charles F. Tynan appeals from a judgment of a single justice of this court dismissing his complaint for injunctive and declaratory relief. The single justice based his decision on the doctrine of claim preclusion. He determined that the present action is essentially identical to an earlier, unsuccessful action that Tynan recently prosecuted in this court. See *Citizens Comm. for Judicial Oversight & Governmental Reform* v. *Attorney Gen.*, 451 Mass. 1010 (2008). We affirm.

1. Tynan has submitted a multitude of papers to the court in this case, but nothing resembling an appellate brief or containing adequate appellate argument for purposes of Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). That alone is a basis for leaving the single justice's judgment undisturbed. While some leniency is appropriate in determining whether the papers of a self-represented litigant comply with applicable court rules, the allowance of Tynan's motion for leave to file a nonconforming brief did not dispense with the minimum requirement of providing adequate appellate argument.

2. Claim preclusion requires proof of three elements: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *DaLuz* v. *Department of Correction*, 434 Mass. 40, 45 (2001). See *Kobrin* v. *Board of Registration in Med.*, 444 Mass. 837, 843 (2005), and cases cited. All three elements are present here. First, the parties in the earlier case and in the present case are the same. Second, there is nothing in the complaint in the present case that was not, or could not have been, brought in the first complaint. Third, the single justice's judgment in the earlier case was a final and conclusive adjudication on the merits of the claims. The fact that Tynan had failed to perfect his appeal from the earlier judgment is immaterial for purposes of claim preclusion.[3]

*Judgment affirmed.*

*Charles F. Tynan*, pro se.

*Peter Sacks*, Assistant Attorney General, for the defendants.

---

[1]Citizens Committee for Judicial Oversight and Governmental Reform. The individual plaintiff, Charles F. Tynan, purports to represent both himself and the organization. It is doubtful that Tynan, who is not an attorney, can represent anyone other than himself. Moreover, there is insufficient information in the record before us as to the form of this organization or the identity of its members, thus making it impossible to determine whether the organization separately has standing as a plaintiff.

[2]The Governor; Secretary of the Commonwealth; President of the Senate; and Speaker of the House of Representatives.

[3]We reject any suggestion that the Attorney General, whom Tynan named as a defendant in his complaint, has "no standing" in this proceeding. We decline to address other issues, arguments, and claims that Tynan did not raise before the single justice.