MELODY J. STEWART, J.:
*468 {¶ 1} Appellant Rola Mouded and appellee Antoine Khoury were married in the state of Ohio after a long-distance courtship (Mouded lived in Ohio; Khoury lived in Massachusetts). Five months later, Mouded filed for divorce in the domestic relations court. While the divorce action was pending, Khoury asked a commonwealth of Massachusetts court to annul the marriage. He also asked the domestic relations court to stay the divorce action pending the resolution of the Massachusetts annulment action. The domestic relations court refused to stay the divorce proceedings; nevertheless, the Massachusetts court annulled the marriage. Khoury then asked the domestic relations court to dismiss the divorce action by giving full faith and credit to the Massachusetts annulment. The domestic relations court granted the motion to dismiss the divorce action over Mouded's argument that the domestic relations court had jurisdictional priority over the matter. The domestic relations court also found that Mouded was making a collateral attack on the Massachusetts annulment and should have challenged the annulment on direct appeal in that state.
{¶ 2} Mouded's sole assignment of error is that the court erred by granting the motion to dismiss and giving full faith and credit to the Massachusetts annulment. She maintains that her divorce complaint was first filed in the domestic relations court, so that court had exclusive jurisdiction over the subject matter.
{¶ 3} "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Article IV, Section 1 of the U.S. Constitution. "Ohio courts are required to recognize the validity of a foreign judgment rendered by a court of competent jurisdiction." Wyatt v. Wyatt , 65 Ohio St.3d 268, 269, 602 N.E.2d 1166 (1992), citing Durfee v. Duke , 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). Jurisdiction is the key to full faith and credit-a judgment rendered by a court of another state "is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the sister state's internal law, and under that law the judgment is void." Litsinger Sign Co. v. Am. Sign Co. , 11 Ohio St.2d 1, 227 N.E.2d 609 (1967), paragraph one of the syllabus. However, a party cannot collaterally attack the judgment of another state in Ohio if the party "submitted to the jurisdiction" of the other state's court. Id. See also Wyatt at 270, 602 N.E.2d 1166.
{¶ 4} The Massachusetts court had subject matter jurisdiction over Khoury's petition to annul the marriage. In Massachusetts, an action to determine the validity of a marriage "shall be commenced in the same manner as an action for divorce, and all the provisions of chapter two hundred and eight relative to actions for divorce shall, so far as appropriate, apply to actions under this section." Mass.Gen. Laws Ann., Chapter 207, Section 14. A person may bring a divorce action in Massachusetts if that person has "lived in this commonwealth for one year last preceding the commencement of the action if the cause occurred without the commonwealth * * *." Mass.Gen.Laws Ann., Chapter 208, Section 5. There is no dispute that Khoury lived in the commonwealth of Massachusetts for one year preceding the commencement of his petition to annul the marriage-the parties agree that just days after being married in Ohio, Khoury returned to Massachusetts and Mouded continued to live in Ohio.
*469 {¶ 5} As for personal jurisdiction, Mouded maintains that she did not submit to the jurisdiction of the Massachusetts court, noting that she filed a motion to dismiss the annulment action on grounds that the court had no personal jurisdiction over her.
{¶ 6} "[A] foreign judgment is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the law of the foreign state." Garabet v. Sabbagh , 8th Dist. Cuyahoga No. 102933, 2015-Ohio-4703, 2015 WL 7075963, ¶ 13, citing Litsinger Sign Co. , 11 Ohio St.2d 1, 4, 227 N.E.2d 609. However, a party may not collaterally attack a foreign judgment for want of personal jurisdiction when those issues have been " 'fully and fairly litigated in the court which rendered the original judgment.' " Digitalbiz Corp. v. Friedman-Swift Assocs., Inc. , 2013-Ohio-666, 989 N.E.2d 119, ¶ 12 (1st Dist.), quoting Dollar Bank v. Bernstein Group, Inc. , 71 Ohio App.3d 530, 533, 594 N.E.2d 1074 (10th Dist.1991). "[A] judgment is entitled to full faith and credit-even as to questions of jurisdiction-when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." Durfee, 375 U.S. at 111, 84 S.Ct. 242, 11 L.Ed.2d 186.
{¶ 7} Mouded attached an affidavit to her brief in opposition to Khoury's motion to dismiss that stated that the Massachusetts court held a hearing on her motion to dismiss the annulment action and then denied the motion. She claims that the Massachusetts court then scheduled a pretrial, but that on the date of the scheduled pretrial, the Massachusetts court granted the annulment.[1] She retained new counsel who filed both an appeal from the annulment and a motion for relief from judgment. The outcome of the appeal and motion for relief from judgment are not a part of this record on appeal.[2] Nevertheless, that Mouded appealed from the annulment shows that she fully and fairly litigated the matter on the question of personal jurisdiction. This would be true under Massachusetts law even if she failed to perfect the appeal as claimed by Khoury. See Alba v. Raytheon Co. , 441 Mass. 836, 838, 809 N.E.2d 516 (2004) (collateral estoppel provides preclusive effect only for valid and final judgments; judgment became final when plaintiff failed to perfect her appeal to the department's reviewing board); Tynan v. A.G. , 453 Mass. 1005, 900 N.E.2d 833 (2009) (fact that party failed to perfect his appeal from the earlier judgment is immaterial for purposes of claim preclusion);
*470 Cohen v. Brigham & Women's Hosp. , App. No. 10-P-1163, 2011 WL 2175966, 1 (June 6, 2011) (party's failure to perfect an appeal from a judgment, resulting in the appeal's dismissal, made the judgment final). Because Mouded appealed the Massachusetts annulment, she fully and fairly litigated the issue of personal jurisdiction. So she may not collaterally attack the Massachusetts judgment in the domestic relations court.
{¶ 8} Mouded's sole remaining basis for challenging the court's decision to grant the judgment of annulment full faith and credit is to claim that the Massachusetts court lacked subject matter jurisdiction under the rule of jurisdictional priority.
{¶ 9} The rule of jurisdictional priority provides that "as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties." State ex rel. McGirr v. Winkler , --- Ohio St.3d ----, 2017-Ohio-8046, --- N.E.3d ----, ¶ 19, citing State ex rel. Dunlap v. Sarko , 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 9. The rule does not, however, apply to courts in other states.[3] Developers Diversified Realty v. Coventry Real Estate Fund II, L.L.C. , 8th Dist. Cuyahoga No. 97231, 2012-Ohio-1056, 2012 WL 913748, ¶ 30 ; Long v. Grill , 155 Ohio App.3d 135, 2003-Ohio-5665, 799 N.E.2d 642, ¶ 27 (10th Dist.) ("The 'rule of priority of jurisdiction' applies to actions pending in different Ohio courts that have concurrent jurisdiction; it does not apply when an action is pending in another state."); Nationwide Mut. Fire Ins. Co. v. Modroo , 11th Dist. Geauga No. 2004-G-2557, 2004-Ohio-4697, 2004 WL 1960087, ¶ 12 (rule of jurisdictional priority "does not apply when an action is pending in another state[.]").
{¶ 10} The domestic relations court correctly noted that when competing cases are pending in Ohio and another state, the Ohio court has three options: (1) it can defer to the foreign state as a matter of comity; (2) go forward with the case; or (3) dismiss the action under the doctrine of forum non conveniens. Developers Diversified Realty at ¶ 31 ; Newman v. Martinez , 4th Dist. Pike No. 15CA857, 2016-Ohio-647, 2016 WL 698607, ¶ 19. The court acknowledged that it first refused to stay the divorce action because the parties were married in Ohio and Ohio law would apply to determine the validity of the marriage. But once the Massachusetts court annulled the marriage, the domestic relations court determined that the decision became binding on the parties and should be given preclusive effect. Commercial Union Ins. Co. v. Wheeling Pittsburgh Corp. , 106 Ohio App.3d 477, 487, 666 N.E.2d 571 (2d Dist.1995) ("once the proceeding on the same case has been finally adjudicated by the court of a sister state, res judicata effect must be given to it by the court of the forum state.").
{¶ 11} Although not directly stated, the court gave preclusive effect to the Massachusetts judgment as a matter of comity-extending a courtesy to foreign judgments out of deference and good will. State v. Ramos , 41 Ohio App.3d 88, 90, 534 N.E.2d 885 (8th Dist.1987), citing *471 Bobala v. Bobala , 68 Ohio App. 63, 71, 33 N.E.2d 845 (7th Dist.1940). The court recognized that the Massachusetts court rendered a final decision regarding the parties' marriage, and that any error of law in that decision was "a matter for direct appeal in Massachusetts[.]" The exercise of comity is discretionary with the court. Anderson v. Poindexter , 6 Ohio St. 622 (1856) ; Baze-Sif v. Sif , 10th Dist. Franklin No. 15AP-152, 2016-Ohio-29, 2016 WL 101687, ¶ 11-12.
{¶ 12} It is difficult to say that the court acted irrationally or arbitrarily by deferring to the Massachusetts annulment. The court appeared to dismiss the divorce action with reluctance: it stated that "[b]ecause the choice-of-law rules in both states would look to Ohio law to determine the validity of the marriage, this Court chose not to defer[.]" The Ohio action was first filed and it might have been expected that the Massachusetts court would stay the annulment action pending decision from the Ohio court. It is true that the court could have proceeded with the divorce action even with the Massachusetts court having annulled the marriage. But with the Massachusetts court fully adjudicating the case by annulling the marriage, further proceedings in Ohio could have resulted in the scenario of a divorce being granted for a marriage that another state court had, with finality, declared void. The domestic relations court could reasonably have desired to avoid that outcome, leaving it to Mouded to appeal the Massachusetts judgment where she could question whether the Massachusetts court should have abstained from annulling the marriage, in addition to challenging whether the Massachusetts court had personal jurisdiction over her.
{¶ 13} We would add that the domestic relations court noted that Mouded's arguments against dismissing the divorce action were primarily that the Massachusetts court erred by finding that an annulment should issue: "[Mouded] devotes one page of argument to these issues, and four pages of argument to a collateral attack on the merits of the Massachusetts court's ruling." Judgment entry at 2. That collateral attack included, among things, "37 pages of text messages which purportedly undermine the factual basis of the Massachusetts court's decision-utterly irrelevant here." Id. We agree with the domestic relations court that Mouded's attacks on the Massachusetts judgment of annulment were irrelevant to any question of whether it had priority over the divorce action. As earlier stated, her recourse was to appeal from the Massachusetts judgment annulling the marriage or seek vacation of the annulment.[4] Because the annulment has not been either overturned or vacated by the Massachusetts courts, the domestic relations court did not err by dismissing the divorce action.
{¶ 14} Judgment affirmed.
EILEEN T. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR

Mouded claims that the Massachusetts court annulled the marriage after her attorney failed to appear at a pretrial, and the Massachusetts court converted the pretrial into a trial on the merits. The judgment of annulment says nothing about Mouded's attorney failing to appear at a pretrial or that the pretrial had been converted into a trial. Mouded supports her assertions by reference to an affidavit she filed with her opposition to the motion to dismiss, but the affidavit makes no claim that her attorney failed to attend the pretrial. The affidavit states only that it was her "belief" that her attorney would attend the pretrial and continue to represent her in the pending action. We disregard any factual assertions that have no proof in the record. See Squire v. Geer , 117 Ohio St.3d 506, 2008-Ohio-1432, 885 N.E.2d 213, ¶ 11.

Khoury has appended to his merit brief a document purported to be an order dismissing Mouded's Massachusetts appeal for failure to perfect it by filing a transcript. That document is not a part of the lower court record, nor does it bear any certification or verification from the court that purportedly issued it. We therefore disregard it.

Generally, a court in one state may exercise jurisdiction over a divorce proceeding even though a different divorce proceeding involving the same parties is pending in another state. Archer v. Belding , 12 Ohio Dec. 418, 420 (C.P.1901) (calling proposition "so well settled that it is unnecessary to discuss it."). "The question is not whether a state court has the power to exercise jurisdiction over a case filed within its jurisdiction, but whether the court should restrain itself and not exercise that power." Sensient Colors, Inc. v. Allstate Ins. Co. , 193 N.J. 373, 386-387, 939 A.2d 767 (2008).

Mouded's brief in opposition to the motion to dismiss the divorce action also attached a copy of a motion for relief from the judgment of annulment. That motion appears to raise the same arguments that Mouded raised in her motion to dismiss Khoury's petition for an annulment. The record on appeal does not contain any disposition of the motion for relief from judgment.