[Cite as *Priconics, L.L.C. v. Amperor, Inc.*, 2018-Ohio-551.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| PRICONICS, LLC, | : | | |
| Plaintiff-Appellant, | : | CASE NO. CA2017-07-099 | |
| | : | O P I N I O N | |
| - vs - | | 2/12/2018 | |
| | : | | |
| AMPEROR, INC., | : | | |
| Defendant-Appellee. | : | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CV89588

W. Evan Price II, P.O. Box 20244, Columbus, Ohio 43220-0244, for plaintiff-appellant

Bricker & Eckler LLP, Jeffrey P. McSherry, Pramila A. Kamath, 201 East Fifth Street, Suite 1110, Cincinnati, Ohio 45202, for defendant-appellee

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Priconics, LLC, appeals the decision of the Warren County Court of Common Pleas granting a motion to dismiss in favor of defendant-appellee, Amperor, Inc. For the reasons detailed below, we reverse the decision of the trial court and remand this matter for further proceedings.

{¶ 2} Amperor is a Texas corporation, specializing in the manufacture of electronic parts and equipment. Priconics is an Ohio limited liability company that acts as a sales

representative by selling principal products. In February 2015, Amperor and Priconics entered into a sales representative agreement ("Contract") where Priconics agreed to act as a sales representative for Amperor and its products in Ohio, western Pennsylvania, and West Virginia.

{¶ 3} The Contract provided that Priconics was to receive its commission based upon its procurement of purchase orders. A dispute arose between the parties as to whether Priconics was entitled to commissions from one of Amperor's pre-existing clients.

{¶ 4} On February 14, 2017, Amperor filed a declaratory judgment action in Harris County, Texas. In the Texas litigation, Amperor sought a declaratory judgment that: (1) Priconics was not entitled to commissions from purchase orders received from pre-existing customers, and (2) Priconics has been paid all commissions currently due and owing under the terms of the contract.

{¶ 5} On March 7, 2014, Priconics filed the instant action against Amperor in Warren County, Ohio. The Ohio litigation filed by Priconics alleged that Amperor violated R.C. 1335.11 by failing to pay commissions owed to Priconics and that Amperor had breached the terms of the Contract by failing to pay all commissions.

{¶ 6} On April 26, 2017, Amperor moved to dismiss the Ohio litigation under Civ.R. 12(B)(1) for lack of subject matter jurisdiction based on the jurisdictional-priority rule. Amperor claims that the Texas litigation and the Ohio litigation involve the same parties and seek to resolve the same issues. Therefore, because the Texas action was filed first, Amperor argues that jurisdiction is properly in Texas and the lawsuit in Ohio should be dismissed. The trial court agreed with Amperor and dismissed the Ohio litigation on the basis of the jurisdiction-priority rule. Priconics now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 7} THE TRIAL COURT ERRED BY DISMISSING THE COMPLAINT UNDER THE

JURISDICTIONAL-PRIORITY RULE BASED ON THE CONCLUSION THAT BOTH CASES INVOLVED THE SAME PARTIES BEFORE IT WAS DETERMINED THAT THE TEXAS COURT HAD PERSONAL JURISDICTION OVER PRICONICS.

{¶ 8} In its sole assignment of error, Priconics argues that the trial court erred by dismissing its complaint based on the jurisdictional-priority rule. We agree.

{¶ 9} "The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties." *Triton Servs., Inc. v. Reed*, 12th Dist. Warren Nos. CA2016-04-028 and CA2016-08-068, 2016-Ohio-7838, ¶ 8. Generally, "it is a condition of the jurisdictional-priority rule that the claims and parties be the same in both cases, so '[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter.'" *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, ¶ 10. However, the rule can apply even when the causes of action, relief requested, and the parties are not exactly the same so long as the actions are part of the same "whole issue." *Id.* at ¶ 11.

{¶ 10} The jurisdictional-priority rule, however, does not apply to courts in other states. *Mouded v. Khoury*, 8th Dist. Cuyahoga No. 105656, 2018-Ohio-284, ¶ 10, citing *Developers Diversified Realty v. Coventry Real Estate Fund II, L.L.C.*, 8th Dist. Cuyahoga No. 97231, 2012-Ohio-1056, ¶ 30. *Long v. Grill*, 155 Ohio App.3d 135, 2003-Ohio-5665, ¶ 27 (10th Dist.) ("The 'rule of priority of jurisdiction' applies to actions pending in different Ohio courts that have concurrent jurisdiction; it does not apply when an action is pending in another state").

{¶ 11} "A court faced with the situation of a prior case pending in another state now has three options: (1) it can grant a stay in the Ohio proceedings pending the resolution of the earlier action outside of Ohio, (2) it can go forward with the action in Ohio, or (3) it can

dismiss the case under the doctrine of forum non conveniens." *In re Estate of Rush*, 12th Dist. Warren No. CA2013-10-103, 2014-Ohio-3293, ¶ 34; *Calvary Industries v. Coral Chem. Co.*, 12th Dist. Butler No. CA2016-12-233, 2017-Ohio-7279, ¶ 17.

{¶ 12} In the present case, the trial court dismissed for lack of subject matter jurisdiction based on the jurisdictional-priority rule. However, as noted above, the jurisdictional-priority rule does not apply to actions pending in another state. *Mouded* at ¶ 10. As previously noted, the action is pending in Texas and was initiated prior to the filing of the complaint in this action. Therefore, we find the trial court erred by dismissing this action based on the jurisdictional-priority rule. On remand, the trial court has three options: "(1) it can grant a stay in the Ohio proceedings pending the resolution of the earlier action outside of Ohio, (2) it can go forward with the action in Ohio, or (3) it can dismiss the case under the doctrine of forum non conveniens." *In re Estate of Rush* at ¶ 34.

{¶ 13} Judgment reversed and remanded for further proceedings.

HENDRICKSON, P.J., and S. POWELL, J., concur.