NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13459


    JACQUES SAADE  vs.  WILMINGTON TRUST, NATIONAL ASSOCIATION,
                   trustee,[1] & another.[2]


                         May 16, 2024.


Res Judicata.  Judgment, Relief from judgment.  Practice, Civil,
    Relief from judgment, Motion to amend.  Supreme Judicial
    Court, Appeal from order of single justice.



        The plaintiff, Jacques Saade, appeals from an order of a
single justice of this court denying his motion pursuant to
Mass. R. Civ. P. 60 (b) (6) , 365 Mass. 828 (1974), to vacate the
judgment in this case, denying his motion to amend the
complaint, and denying his motion for sanctions against the
defendants and their counsel.  We affirm.

        Background.  This case originated in December 2019 with a
complaint filed by Saade in the county court.  The complaint was
brought pursuant to this court's equitable jurisdiction, see
G. L. c. 214, § 1, and it asserted claims that the defendants
had violated G. L. c. 244, §§ 35A and 35B.  Specifically,
Saade's complaint alleged (a) that the defendants failed to
comply with the notice requirements of G. L. c. 244, §§ 35A and
35B, as to an August 2, 2018, notice of acceleration regarding
the mortgage on Saade's property at 300 Commercial Street, Unit
611, in Boston, and (b) that the defendants did not provide

_____

        [1] Of MFRA Trust 2014-2.

        [2] Fay Servicing, LLC.  In his complaint, Saade also named
unknown "Does" as defendants.  He represented that "Does could
be future defendants that may be joined in this action as events
unfold."

notice of entitlement to modification, as required by § 35B. As relief, Saade sought modification of the mortgage and to place modified monthly payments in escrow until an alleged question as to the identity of the mortgagee could be determined. In January 2020, the defendants moved to dismiss. In February 2020, the single justice dismissed Saade's complaint without a hearing, noting that Saade had "filed cases in the Land Court and United States District Court requesting similar relief" and that Saade was "restrained in those courts from filing any future complaints, unless certain criteria ha[d] been satisfied." Saade did not appeal this decision.

Three years later, Saade filed a motion pursuant to Mass. R. Civ. P. 60 (b) (6) seeking to vacate the judgment of the single justice. As the basis for his motion, Saade pointed to an August 2022 settlement agreement between the Attorney General's office and Fay Servicing, LLC, which purported to result from an investigation and allegations that the latter failed to comply with G. L. c. 244, § 35B, and certain related statutes in its role as a mortgage servicer. Saade's motion represented that while his claims were limited to violations of G. L. c. 244, §§ 35A and 35B, "the main contention [wa]s the validity of the subject mortgage."

Along with his motion to vacate, Saade filed a motion to amend his complaint. His proposed amendments were based on the same alleged conduct, and he sought to add a claim for relief pursuant to G. L. c. 211, § 3. Additionally, Saade moved that the defendants be sanctioned for moving to dismiss his claims. In May 2023, the single justice denied without a hearing Saade's motion to vacate the judgment, his motion to amend, and his motion for sanctions. It is from this order that Saade now appeals.

Prior to filing his complaint in this case, Saade had filed numerous suits against these same defendants challenging the validity of his mortgage, and we note certain relevant examples. On September 27, 2018, the Land Court dismissed Saade's case against the defendants seeking rescission of his mortgage and requesting an order compelling compliance with G. L. c. 244, § 35A. On May 13, 2019, the United States District Court for the District of Massachusetts dismissed with prejudice two consolidated cases brought by Saade against the defendants, which lawsuits alleged invalid assignments and violations of G. L. c. 244, § 35A, and G. L. c. 93A in connection with the mortgage. On February 8, 2019, Saade brought another complaint against these defendants in the Land Court, where he contested

the validity of the mortgage as a result of alleged fraudulent assignments, and where he further alleged defects in a May 31, 2018, notice of default.  On July 31, 2019, the Land Court dismissed with prejudice the claims against the defendants, concluding that they were barred by the doctrine of res judicata.  By court orders, Saade is now subject to filing restrictions in the Federal District Court and in any trial court of the Commonwealth.

Discussion.  A judge's ruling on a motion for relief from final judgment pursuant to Mass. R. Civ. P. 60 (b) (6) will be reviewed for abuse of discretion.  See Owens v. Mukendi, 448 Mass. 66, 72 (2006).  Here, the single justice did not abuse his discretion because relief under rule 60 (b) (6) is appropriate only in "extraordinary circumstances" (citation omitted), id. at 71, which Saade has not shown.  In support of his February 2023 motion to vacate the February 2020 judgment of the single justice dismissing his complaint, Saade relied on the August 2022 settlement agreement between the Attorney General's office and Fay Servicing, LLC.  But the settlement agreement only recounts an investigation and allegations, and in any event, Saade does not establish any specific new facts supplied by that settlement agreement as to his own mortgage that would supplement the facts he had already alleged.  Where there was no new basis for relief, the motion was also untimely because it was filed three years after the final judgment.  See id. at 76-77.

What is more, the settlement agreement would not have changed the fact that Saade's claims were barred by the doctrine of res judicata, and more specifically, the doctrine of claim preclusion.  The elements of claim preclusion are:  "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (citation omitted).  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).  Between this case and the prior cases recounted above, there was identity of the parties and claims, which "arose from the same transaction or series of connected transactions."  Laramie v. Philip Morris USA Inc., 488 Mass. 399, 411 (2021).  And "dismissal for failure to state a claim . . . operates as a dismissal on the merits . . . with res judicata effect."  Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996), quoting Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983).  See Mass. R. Civ. P. 41 (b) (3), as amended, 454 Mass. 1403 (2009).  See also Fed. R. Civ. P. 41 (b).  In sum, "there [wa]s nothing in the complaint in the present case that was not,

or could not have been, brought in the [earlier] complaint[s]." Tynan v. Attorney Gen., 453 Mass. 1005, 1005 (2009). The settlement agreement between the Attorney General's office and Fay Servicing, LLC would not have changed this analysis.

For all the foregoing reasons, the single justice did not abuse his discretion in denying Saade's motion pursuant to Mass. R. Civ. P. 60 (b) (6). Neither did the single justice abuse his discretion in denying Saade's motion to amend, as the proposed amendments were unduly delayed, coming three years after the final judgment, and were futile, being likewise barred by res judicata. See Doherty v. Admiral's Flagship Condominium Trust, 80 Mass. App. Ct. 104, 112 (2011). Saade's attempt to add a claim pursuant to G. L. c. 211, § 3, was also futile where, for the reasons stated above, he had adequate alternative remedies. See Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019). Moreover, the single justice did not abuse his discretion in denying Saade's motion for sanctions. See von Schönau-Riedweg v. Continuum Energy Techs., LLC, 98 Mass. App. Ct. 535, 538 (2020). The motion was untimely and sought to undermine "the reasonable expectation of [the] part[ies] to have a case efficiently adjudicated" (citation omitted). Id. Saade has shown no misconduct in the defendants and their counsel moving to dismiss his claims in this matter.

For the foregoing reasons, we affirm the order of the single justice denying Saade's motion to vacate the judgment, his motion to amend the complaint, and his motion for sanctions. In light of Saade's repeated attempts to relitigate claims already disposed, the clerk of this court for Suffolk County and the clerk for the Commonwealth are instructed not to accept for filing any new complaint, petition, motion, or other filing from Saade that names as a defendant Wilmington Trust, National Association (individually or as trustee of MFRA Trust 2014-2), or Fay Servicing, LLC, unless the filing is (a) accompanied by a copy of this rescript opinion and a motion for leave to file, and (b) the full court grants the motion for leave to file upon making a preliminary determination that the complaint, petition, motion, or other filing asserts an argument or claim that is not barred by the doctrine of res judicata or otherwise procedurally barred.

So ordered.

The case was submitted on briefs.
Jacques Saade, pro se.
Kevin P. Polansky & Peter M. Ayers for the defendants.